UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

_____
                                            )
ACCESS MEDICAL LABORATORIES, INC. )
                                            )
        **Plaintiff,**      )
  v.                                       )    **Civil Action No.**
                                            )
AML DIAGNOSTICS INC.            )
                                            )
        **Defendant.**      )
_____ )

## **COMPLAINT**

      Plaintiff Access Medical Laboratories, Inc. ("Access Medical" or "Plaintiff"), by the undersigned counsel, files this Complaint against AML Diagnostics Inc. ("Defendant") and states as follows:

### **NATURE OF THE ACTION**

      1.    Since at least 2003, Plaintiff Access Medical has used the service mark "AML" in commerce in the State of Florida in connection with its medical laboratory services and medical diagnostic testing, monitoring and reporting services. Access Medical has used and continues to use the AML service mark prominently in print and online advertisements, and in signage at each of its physical locations in the Florida cities of Jupiter, Abacoa, Palm Beach, West Palm Beach, and Delray Beach. As a result of these and other efforts consumers have come to identify the AML service mark depicted below in an advertisement exclusively with Access Medical.



## AML DIAGNOSTICS' WRONGFUL AND INFRINGING CONDUCT

2.      Defendant is using the AML service mark without Access Medical's authorization. Based on information and belief, Defendant first started using AML DIAGNOSTICS no earlier than August 23, 2012, its date of organization. The medical laboratory testing services Defendant offers under the AML DIAGNOSTICS service mark (reproduced below: the "Infringing Services") are essentially identical to the medical laboratory services and medical diagnostic testing, monitoring and reporting services Access Medical offers in association with its AML service mark. Defendant's activities are in violation of Access Medical's established rights in the AML service mark as a common law mark, which signifies to consumers that Access Medical is the source of the services when the wording AML is used in association with medical laboratory testing services. Specifically, Defendant's adoption and use of the service mark AML

2

DIAGNOSTICS, as depicted below, is an attempt to capitalize on the goodwill and consumer recognition associated with the services Access Medical offers, and has offered since 2003, in connection with the AML service mark.



3. Despite the numerous occasions Access Medical informed Defendant of Access Medical's prior and superior rights in the AML service mark, Defendant has refused to discontinue use of the AML DIAGNOSTICS service mark in association with medical laboratory testing services. As such, Defendant's continued use of the AML DIAGNOSTICS service mark in promoting, advertising, and rendering of the Infringing Services is in violation of the Lanham Act and Florida State law. Thus, Access Medical's claims against Defendant include federal false designation of origin, service mark dilution, and related claims under Florida statutory and common law.

## PARTIES

4. Access Medical Laboratories, Inc. is a Florida corporation with its principal place of business at 5151 Corporate Way, Jupiter, Florida 33458.

5. Defendant AML Diagnostics Inc. is a Florida corporation located at 154 NW 16th Street, Boca Raton, Florida 33432, where its Registered Agent for service of process John Hanley is located.

## JURISDICTION AND VENUE

6. This is a civil action arising under the trademark laws of the United States, Title 15 U.S.C. §§ 1125(a) and 1125(c) (the "Lanham Act"); the Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA"), Fla. Stat. §§ 495.151(1) and 495.161; and under the common law for trademark infringement and unfair competition.

7. The Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338, and 1367(a), and 28 U.S.C. §§2201 and 2202. This Complaint raises federal questions under the Lanham Act, and it involves supplementary state law claims arising from a common nucleus of operative fact, including claims of statutory and common law trademark infringement, dilution, unfair competition, or unfair trade practices.

8. The Court has personal jurisdiction over Defendant, which transacts and does business within this judicial district in Palm Beach County, Florida, and because Defendant has committed the acts complained of herein and is offering the Infringing Services in Palm Beach County, Florida, including at Defendant's sole location in Boca Raton, Florida.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims discussed herein occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because the Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

10. Access Medical offers medical laboratory services and medical diagnostic testing, monitoring and reporting services in connection with several marks, including the AML service mark.

11. Access Medical has established an excellent reputation among consumers and within the industry as a provider of medical laboratory services and medical diagnostic testing, monitoring, and reporting services.

12. Access Medical's use of the AML service mark in association with medical laboratory services and medical diagnostic testing, monitoring, and reporting services can be traced back as early as 2003.

13. The services offered under the AML service mark have been widely advertised, at significant expense to Access Medical, and offered to the public in connection with the AML service mark for many years.

14. As a result of the advertising efforts and expenditures undertaken by Access Medical, the AML service mark has come to identify Access Medical as the source for high quality services and has achieved substantial goodwill and recognition among consumers and the medical laboratory testing industry.

15. Access Medical's rights in the AML service mark are established at common law by its use in the state of Florida and in interstate commerce.

16. Upon information and belief, Defendant began using the AML DIAGNOSTICS mark no earlier than its August 23, 2012 date of organization. Defendant has used and currently uses the AML DIAGNOSTICS service mark in commerce in association with medical laboratory testing services in Palm Beach County and elsewhere.

17. In order to trade on the success of the AML service mark and the public's acceptance of the services Access Medical offers under the AML mark, Defendant adopted and implemented a plan to offer medical laboratory testing services using the AML DIAGNOSTICS service mark.

18. Defendant has had actual notice of Access Medical's rights in the AML service mark since at least as early as December 13, 2013, when both Access Medical and Defendant attended the World Congress on Anti-Aging, Regenerative and Aesthetic Medicine in Las Vegas, Nevada and promoted their respective services using their respective marks, AML and AML DIAGNOSTICS.

19. Defendant maintains a website at the domain name AMLDX.COM, which website is used to promote and advertise Defendant's medical laboratory testing services.

    a) On the website consumers, including those in Florida, can read about the specific testing services offered, schedule a blood draw, and make a payment, among other activities.

    b) Furthermore, according to the Defendant's website, Defendant's medical laboratory testing services are provided from a single location in Boca Raton, Florida. A screenshot of the Defendant's website showing use of the AML DIAGNOSTICS service mark in association with the Infringing Services is attached as **<u>EXHIBIT A</u>**.

20. By offering the Infringing Services in commerce under the AML DIAGNOSTICS service mark, Defendant:

    a) is likely to cause confusion that the Infringing Services originate with Access Medical;

    b) is likely to cause confusion and mistake among consumers that there is some affiliation or connection of Access Medical and Defendant;

c) is likely to cause confusion and mistake among consumers that the Infringing Services are being offered with the sponsorship or approval of Access Medical; and

d) is likely to cause dilution of the distinctive quality of the AML service mark.

21. The likelihood of confusion is compounded by the fact that the only location from which Defendant offers the Infringing Services is located in close physical proximity to various locations from which Access Medical offers its services, as show in **EXHIBIT B**.

22. On or about April 27, 2015, Access Medical mailed Defendant a first notice to cease and desist the misappropriation of Access Medical's service mark by use of the mark AML DIAGNOSTICS in association with medical laboratory testing services.

23. In a letter sent on or about May 29, 2015, Defendant responded to Access Medical's notice of April 27, 2015, disputing Access Medical's trademark rights in the AML service mark.

24. Access Medical responded to Defendant's letter of May 29, 2015 with a letter sent on or about October 1, 2015. In its October letter, Access Medical reiterated to Defendant that the use of the service mark AML DIAGNOSTICS in association with medical laboratory testing services is in violation of Access Medical's AML service mark and Access Medical's superior intellectual property rights and such use of the service mark AML DIAGNOSTICS had caused actual consumer confusion in the marketplace. Therefore, Defendant was placed on notice that continued unauthorized use of the AML DIAGNOSTICS service mark violated federal and state law including, without limitation, false designation of origin under Section 43(a) of the Lanham Act; federal trademark dilution under Section 43(a) of the Lanham Act; and false advertising and unfair competition under federal and state law.

25. On or about October 20, 2015, Defendant sent a letter in response to Access Medical's letter of October 1, 2015, again disputing Access Medical's trademark rights in the AML service mark and requesting evidence to support Access Medical's assertions.

26. On or about April 8, 2016, Access Medical sent another letter to the Defendant, providing evidence to support the assertion made in the previous letters. Access Medical again asserted that Defendant's continued authorized use of the AML DIAGNOSTICS service mark violated federal and state law including, without limitation, false designation of origin under Section 43(a) of the Lanham Act; federal trademark dilution under Section 43(a) of the Lanham Act; and false advertising and unfair competition under federal and state law.

27. Despite being put on notice of the strength of Access Medical's rights and goodwill in its famous AML service mark, Defendant continues to promote and offer services under the AML DIAGNOSTICS service mark.

28. Defendant's actions are willful and intentional and Access Medical has no adequate remedy at law.

29. Access Medical has retained the undersigned attorneys and is obligated to pay a reasonable fee for their legal services.

## COUNT I
## False Designation of Origin
## (Lanham Act §43(a), 15 U.S.C. §1125(a))

30. Access Medical realleges and incorporates the allegations set forth in paragraphs 1 through 29 herein.

31. Defendant's unauthorized use of Access Medical's AML mark falsely indicates Defendant and its services are connected with, sponsored by, affiliated with, or related to AML.

32. Defendant's use of Access Medical's mark has caused, and is likely to continue to cause, confusion, mistake, or deception as to the source of sponsorship of Defendant's goods and services.

33. Upon information and belief, Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Access Medical's rights in its marks and with the intent to trade off of Access Medical's vast goodwill in its marks.

34. Defendant's unauthorized use of Access Medical's AML mark in connection with its goods and services allows Defendant to receive the benefit of Access Medical's goodwill, which Access Medical has established at great labor and expense, and further allows Defendant to expand its business and sales, based not on its own qualities, but on the reputation and goodwill of Access Medical.

35. Defendant's acts as alleged constitute use of a false designation of origin and/or the making of false and/or misleading representations of fact, in violation of Section 43(a), 15 U.S.C. §1125(a), all to the substantial and irreparable injury of the public and Access Medical's business reputation and goodwill.

36. By such wrongful acts Defendant has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Access Medical and to the goodwill associated with its trademarks, including diversion of customers, lost sales and lost profits for which Access Medical has no adequate remedy at law.

37. By reason of these acts of false designation of origin, Access Medical is entitled to damages and Defendant's profits, and those damages and profits should be trebled under 15 U.S.C. §1117.

27293336v4 31716.0013

38. This is an exceptional case making Access Medical eligible for an award of attorney's fees under 15 U.S.C. §1117.

WHEREFORE, Access Medical respectfully prays that:

A. Judgment be entered for Access Medical on its claim.

B. Defendant, its agents, servants, employees, attorneys, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

(1) using the Access Medical mark and any other name or mark that is confusingly similar to these marks or any other mark or designation of Access Medical, including, but not limited to, use of these marks in its trade name, on its website, business signs, telephone directory advertisements, marketing materials, stationery, and business cards;

(2) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant, or its products or services, is connected with, sponsored by or approved by, Access Medical.

C. An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Access Medical and increased as the Court finds to be just under the circumstances of this case;

D. Defendant be required to pay over to Access Medical:

(1) in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. §1117(a), an award of treble of Access Medical's actual damages and Defendant's profits, together with profits resulting from sales by Defendant relating to its aforesaid trademark infringement and unfair competition;

(2) Access Medical's reasonable attorneys' fees and costs of this action; and

(3) exemplary or punitive damages in a sum sufficient to deter future acts of trade dress and trademark infringement, as well as unfair competition.

E. Defendant, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver up to Access Medical for destruction all labels, signs, prints, packages, bottles, receptacles, containers, business cards, letterhead, advertisements and other promotional materials in Defendant's possession or control bearing the Access Medical mark or any other Access Medical mark.

F. Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Access Medical, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction.

G. Access Medical recover such other relief as the Court deems just and proper.

## COUNT II
## Federal Trademark Dilution
## (15 U.S.C. §1125(c))

39. Access Medical realleges and incorporates the allegations set forth in paragraphs 1 through 29 herein.

40. Access Medical's AML mark is famous within the meaning of the statute.

41. Defendant's use of the AML DIAGNOSTIC mark has caused, and will continue to cause, dilution of the distinctive quality of Access Medical's AML service mark as a unique source identifier for Access Medical in the minds of consumers and will tarnish Access Medical's AML mark.

42. Defendant's use of copies, variations, reproductions, simulations, colorable imitations of the AML DIAGNOSTICS in connection with the Infringing Services will lessen, dilute, and

11

tarnish the strength of Access Medical's famous and distinctive service mark and diminish its capacity to distinguish the services it offers under the AML service mark from those of others.

43. Defendant's acts constitute dilution in violation of 15 U.S.C. §1125(c), by causing harm to the commercial drawing power of the distinctive AML service mark though tarnishment and/or blurring.

44. As a direct and proximate result of Defendant's conduct, Access Medical has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which Access Medical has no adequate remedy at law.

45. Defendant has willfully traded on the Access Medical's reputation and willfully diluted Access Medical's famous AML mark in violation of 15 U.S.C. § 1125(c) and Access Medical is entitled to remedies as set forth in 15 U.S.C. § 1117(a).

WHEREFORE, Access Medical respectfully prays that:

A. Judgment be entered for Access Medical on its claim.

B. Access Medical's monetary relief be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

C. Defendant be ordered to account for and to pay Access Medical all the gains, profits, savings and advantages realized by Defendant from the acts complained of herein pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

D. Access Medical recover from Defendant exemplary damages by reason of Defendant's wanton and willful acts of unfair competition.

E. Defendant furnish corrective advertising in the form of a retraction to be approved by Access Medical.

F. Access Medical be awarded costs of suit, together with Access Medical's attorneys' fees and disbursements.

G. Access Medical recover such other relief as the Court deems just and proper.

## COUNT III
### Deceptive and Unfair Trade Practices under Florida Law

46. Access Medical realleges and incorporates the allegations set forth in paragraphs 1 through 29 herein.

47. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") makes unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce, pursuant to § 501.204, Fla. Stat.

48. At the time Defendant engaged in the acts complained of herein, Defendant was engaged in trade or commerce, as defined in Fla. Stat. § 501.203(8).

49. Defendant's practices as set forth herein constitute unfair competition in violation of FDUTPA, §§ 501.211(1)-(2), Fla. Stat., as they are likely to deceive and mislead the public and are unfair because the Defendant's practices offend established public policy and are substantially injurious to consumers.

50. Access Medical is an interested party or person, as defined in Fla. Stat. § 501.203(6).

51. The foregoing conduct by Defendant constitutes unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the FDUPTA, and such conduct is offensive to public policy, egregious, unconscionable, immoral, unethical, oppressive, deceptive and/or unscrupulous, and has caused substantial injury to Access Medical.

52. As a direct and proximate result of the foregoing acts, Access Medical has suffered an ascertainable loss as a result of Defendant's violation of the FDUTPA as described in Fla. Stat. § 501.211(2), and is entitled to recover damages and attorneys' fees and costs.

WHEREFORE, Access Medical respectfully prays that:

A. Judgment be entered for Access Medical on its claim against Defendant, declaring that Defendant violated the Act;

B. An injunction be entered enjoining Defendant from future violations of the Act pursuant to Section 501.211(1), Fla. Stat;

C. Judgment be entered for actual damages for violation of the Act pursuant to Section 501.211(2), Fl. Stat., money damages and an award of attorneys' fees and costs pursuant to Section 501.211(2) and 501.2105, Fla. Stat.,

D. The Court enter any and all other appropriate relief as it deems just and proper.

## COUNT IV
### Common Law Trademark Infringement

53. Access Medical realleges and incorporates the allegations set forth in paragraphs 1 through 29 herein.

54. The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the common law of Florida.

55. Defendant's use of the infringing marks as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective products.

56. Defendant's use of the infringing marks as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair Access Medical's reputation under its

14

trademarks and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to Access Medical for which it is entitled to relief under the common law.

57. As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and Access Medical has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Access Medical will continue to suffer injury and damage.

WHEREFORE, Access Medical respectfully prays this Court:

A. Enter a preliminary injunction pending a final judgment in this action, and thereafter a permanent injunction, enjoining Defendant and Defendant's agents and employees from:

1). Doing business as "AML DIAGNOSTIC";

2). Advertising directly or indirectly under such name or any other simulation of Access Medical's trade name;

3). In any manner using Access Medical's trade name in connection with Defendant's business; and

4). Using Access Medical's AML service mark in connection with the trade name or in its advertising;

B. Order an accounting by Defendant of the profits Defendant has made as a result of the simulation of Access Medical's mark and design and the use of the simulation in advertising;

C. Award Access Medical compensatory damages, all other appropriate damages, and costs as a result of Defendant's use of Access Medical's trade name; and

D. Enter any and all other appropriate relief as this Court deems just and proper.

## COUNT V
### Dilution under Florida Law, Fla. Stat. § 495.151

58. Access Medical realleges and incorporates the allegations set forth in paragraphs 1 through 29 herein.

59. Defendant's infringing uses of Access Medical's AML mark constitute unconsented copies or colorable imitation offering services in a manner likely to cause confusion or mistake as to the source or origin of the services.

60. The aforesaid acts are likely to injure and dilute the distinctive quality of the famous AML service mark.

61. The aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Access Medical, for which it has no adequate remedy at law.

62. As a result of Defendant's willful and unlawful use of the AML DIAGNOSTICS mark, Access Medical has sustained and will continue to sustain substantial injuries, loss and damage to its business reputation and goodwill, entitling it to an injunction to prohibit use of the AML DIAGNOSTICS mark by Defendant and other relief.

WHEREFORE, Access Medical respectfully prays this Court:

A. Enjoin Defendant, and Defendant's employees and agents, during the pendency of this action, and permanently thereafter, from selling, or offering for sale in Florida, goods or services bearing Access Medical's AML mark, or any imitation of Access Medical's mark;

B. Defendant account for and pay to Access Medical all profits realized by defendant from sales of goods or services under the AML mark or any imitation of Access Medical's mark;

C. Enter Judgment in favor of Access Medical and against Defendant for compensatory damages, all other appropriate damages, and costs; and

D. Enter any and all other appropriate relief as this Court deems just and proper.

## COUNT VI
### Common Law Palming Off

63. Access Medical realleges and incorporates the allegations set forth in paragraphs 1 through 29 herein.

64. One of the forms of actionable unfair competition consists in passing off, or attempting to pass off, on the public the goods or business of one person as and for the goods or business of another as Defendant has as described herein.

65. Defendant made unauthorized use of the AML mark such that consumers were likely to confuse Access Medical's mark with Defendant's. Through the actions described herein, Defendant has likely deceived members of the purchasing public with respect to its services, such that potential consumers of the Infringing Services believe that they are obtaining the services of Access Medical, and as such, Defendant's activities constitute palming off.

66. Such conduct on the part of Defendant has injured Access Medical in an amount to be determined at trial, and has caused and will continue to cause irreparable harm to Access Medical, for which Access Medical has no adequate remedy at law.

WHEREFORE, Access Medical respectfully prays this Court:

A. Enter Judgment in favor of Access Medical and against Defendant for compensatory damages, all other appropriate damages, and costs; and

B. Enter any and all other appropriate relief as this Court deems just and proper.

## COUNT VII
### Common Law Accounting

67. Access Medical realleges and incorporates the allegations set forth in paragraphs 1 through 29 herein.

68. Defendant's infringing uses of Access Medical's AML mark constitute unconsented copies or colorable imitation offering services in a manner likely to cause confusion or mistake as to the source or origin of the services and making the transaction at issue complex.

69. The aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Access Medical, for which it has no adequate remedy at law.

70. As a direct and proximate result of Defendant's conduct, Access Medical is entitled to recover all revenues, proceeds, profits, and other compensation received or to be received by Defendant arising from its misconduct.

71. The exact amount of profits made by Defendant as a result of the infringement of Access Medical's mark is unknown to Access Medical and cannot be ascertained without an accounting.

72. Unless the injunction sought in this complaint is granted, Defendant will continue to infringe on Access Medical's mark, and will cause irreparable injury to Access Medical from loss of profits and deprivation of the benefit of the goodwill attached to Access Medical's mark.

73. Access Medical requests the Court to order Defendant to render an accounting to ascertain the amount of such profits and compensation.

WHEREFORE, Access Medical respectfully prays this Court:

A. Enter judgment that Defendant, its officers and employees be enjoined and restrained from removing or destroying any and all books, records, papers, and vouchers pertaining in any way to the operation of Defendant's business during the period mentioned in this complaint;

B. An auditor be appointed to examine the accounts and records of the business and report back to this Court what amounts, if any, are due by Defendant to Access Medical;

      C. Enter judgment for Access Medical against Defendant for any amount as may be determined due together with legal interest on the amounts together with costs of this suit; and

      D. Enter any and all other appropriate relief as this Court deems just and proper.

      Respectfully submitted,

*/s/Haas Hatic*_____
HAAS A. HATIC
Florida Bar No. 843989
Email: haas.hatic@gmlaw.com
EVAN KLINEK
Florida Bar No. 134820
Email: evan.klinek@gmlaw.com
Secondary: rene.vazquez@gmlaw.com
GREENSPOON, MARDER, P.A.
200 E. Broward Blvd.
PNC Center, Suite 1800
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.343.6956 (Facsimile)
*Attorneys for Plaintiff Access Medical*

Dated: September 8, 2016